# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| WALTER HARRIS, | ) | **CASE NO. 1:18 CV 569** |
| | ) | |
| Plaintiff, | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| CLIFFORD PINKNEY, | ) | |
| | ) | |
| Defendant. | ) | |

*Pro se* Plaintiff Walter Harris filed the above-captioned action against Cuyahoga County Sheriff Clifford Pinkney. In the Complaint, Plaintiff alleges he was wrongfully detained by the Cuyahoga County Sheriff's Department for 435 days pending trial. He seeks compensation for "mental abuse, undistress [sic], miscarriage of justice, [and] unlawful detainment." (ECF No. 1 at 5).

## Factual and Procedural Background

In 2015, Plaintiff was charged in the Cuyahoga County Court of Common Pleas with nine counts of rape, eight counts of kidnaping, six counts of sexual battery, four counts of gross sexual imposition, and one count of attempted rape of his girlfriend's minor daughter. The offenses occurred between March 1, 2012 and June 2014. Towards the end of December 2014, the minor victim reported the abuse to police. Detective Cindy Bazilius interviewed her and as a result of that interview secured and executed a search warrant for Plaintiff's house. Plaintiff was subsequently arrested and charged in a 28 count indictment. He was tried in Cuayhoga County in April 2016, but

the jury was unable to reach a verdict. He was found guilty after his second trial in May 2016 and was sentenced to eleven years in prison.

Sometime after his arrest in Cuyahoga County, Plaintiff was arrested on an outstanding warrant from California dating back to July 1, 1991. Plaintiff claims California executed the fugitive warrant on April 28, 2017. He states he was tried in California on December 6, 2017. His attorney argued the statute of limitations expired. Plaintiff does not indicate what happened to these charges. He seeks compensation for unlawful detention.

## Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to

include detailed factual allegations, but must provide more than "an unadorned, the Defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998)

### Discussion

As an initial matter, Plaintiff indicates the Sheriff violated his Fourth, Fifth and Fourteenth Amendment rights by denying him a fair trial. He states the Sheriff failed to take him before a magistrate to see if his arrest was lawful; however, he does not specify if he was referring to his initial arrest in Cuyahoga County or his subsequent arrest on the outstanding warrant from California. He states, again without explanation, that he paid counsel and expert witnesses and states he was wrongfully detained by the Sheriff. He does not allege facts to suggest what he payment of attorney and witness fees has to do with the any action by the Sheriff. To meet basic notice pleading requirements, the Complaint must give the Defendant fair notice of what the Plaintiff's claims are and the grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008); *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996). This Complaint does not contain sufficient facts to suggest this Defendant violated Plaintiff's constitutional rights.

Furthermore, Plaintiff states he was wrongfully incarcerated. To the extent Plaintiff is attempting to assert claims of false arrest or false imprisonment, they are also dismissed. Both of those causes of action are state tort claims, which are not cognizable in federal civil rights action. *Seaton v. Sova*, No. 1:08-cv-1131, 2009 WL 2132728, *7 (W.D.Mich. July 10, 2009).

Supplemental jurisdiction exists whenever state law and federal law claims derive from the same nucleus of operative facts and when considerations of judicial economy dictate having a single trial. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). The Court, however, may exercise discretion in hearing state law matters. *Id.* at 726. In cases where the federal law claims are dismissed before trial, the state law claims should also be dismissed. *Id.* Having dismissed Plaintiff's federal law claims, this Court declines jurisdiction to hear any state law claims Plaintiff may be attempting to assert.

### Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: June 25, 2018

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

-4-